14-3853-cv
Hoyos v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand sixteen.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

ALBERTO HOYOS,

> *Plaintiff-Appellant,*

> v.                                                              No. 14-3853-cv

CITY OF NEW YORK, POLICE OFFICER SCOTT HARRISON, SHIELD NO. 12787, Individually and in his official capacity, POLICE OFFICER AVI ARVON, SHIELD NO. 9506, Individually and in his official capacity,

> *Defendants-Appellees.*[*]

_____

APPEARING FOR APPELLANT:         JON L. NORINSBERG, Law Office of Jon L. Norinsberg, New York, N.Y.

APPEARING FOR APPELLEES:         INGRID R. GUSTAFSON, Assistant Corporation Counsel (Pamela Seider Dolgow, Assistant

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from an order of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).  UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the September 19, 2014 order of the district court be AFFIRMED.

The order from which Hoyos is appealing denied his motion for reconsideration of the district court's grant of summary judgment to Defendants on his § 1983 malicious prosecution and fabrication of evidence claims.  Though his notice of appeal purports to challenge "all aspects of the Court's rulings on Defendants' Motion for Summary Judgment," J.A. 147, he concedes in his reply brief that "this Court can only review the District Court's denial of plaintiff's motion for reconsideration," Appellant Reply Br. 2.  Hoyos' concession is correct because he did not file his motion for reconsideration in time to toll the deadline for appealing the underlying judgment.  Consequently, we consider only the denial of the motion for reconsideration.  We assume the parties' familiarity with the relevant facts, the procedural history, and the issues on appeal.

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation mark omitted).  Neither the law nor the facts have changed since the district court's grant of summary judgment, and Hoyos has not identified any manifest injustice by the

2

court. Therefore, he must point to a "clear error" on the part of the district court to prevail on this appeal. His arguments fail to show a clear error.

Regarding his malicious prosecution claim, the district court granted summary judgment because it determined that "no rational jury could conclude that there was not probable cause to believe that the prosecution could succeed," *Hoyos v. City of New York*, 999 F. Supp. 2d 375, 390 (E.D.N.Y. 2013), and reasoned that "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York," *id.* at 389 (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)).

Hoyos contests the notion that probable cause is a complete defense to a malicious prosecution claim when allegedly fabricated evidence is involved, citing our holdings in *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123 (2d Cir. 1997), and *Jocks v. Tavernier*, 316 F.3d 128 (2d Cir. 2003). However, *Jocks* and *Ricciuti* determined only that there was probable cause to *arrest*. *See Jocks*, 316 F.3d at 138 ("[I]n *Ricciuti* we specifically held that the police had probable cause to *arrest* but nonetheless reversed the district court's grant of summary judgment on the malicious prosecution claim because there was proof that the officers had later manufactured false evidence." (emphasis added) (citing *Ricciuti*, 124 F.3d at 128, 130)). Probable cause to arrest differs from probable cause to *prosecute* because the evidentiary standard is higher for the latter than for the former. *See Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013). Thus, the district court committed no error, much less clear error, in not making an exception to the probable cause defense to a malicious prosecution claim.

Regarding his fabrication of evidence claim, the district court observed that Hoyos' deprivation of liberty had to be the *result* of the alleged fabrication. *Hoyos*, 999 F. Supp. 2d at 393. Having found probable cause for his prosecution, it reasoned that "where independent

probable cause exists for the prosecution, plaintiff must show that the misconduct caused some deprivation above and beyond the fact of the prosecution itself." *Id.* at 394. It determined that Hoyos' deprivation of liberty "resulted generally from his prosecution, which was supported by probable cause independent of defendants' allegedly false statements." *Id.*

Hoyos argues that the court applied the wrong standard—probable cause instead of proximate cause—and that the fabricated evidence resulted in a falsely inflated case that caused a deprivation of liberty. Were it not for the allegedly fabricated evidence, he contends, the prosecutors might have decided that their case was not strong enough to continue pursuing and might have elected not to proceed to trial even though they may have been legally justified in doing so by virtue of the other evidence.

Hoyos is correct that the type of causation at issue in a fabrication of evidence claim is proximate cause, rather than probable cause. Fabrication of evidence is the basis for "[a] § 1983 action, [which] like its state tort analogs, employs the principle of proximate causation." *Barnes v. Anderson*, 202 F.3d 150, 158 (2d Cir. 1999) (quoting *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999)). Thus, the district court's statement that independent probable cause rules out the possibility that fabricated evidence proximately caused the deprivations stemming from his prosecution is not, as a general matter, correct.

In this case, however, we find no clear error in the district court's conclusion that the evidence supporting probable cause to prosecute Hoyos was sufficiently strong that any allegedly fabricated evidence did not proximately cause the deprivations of liberty associated with his prosecution. We express no view on the resolution of this issue had it come to us on appeal from the grant of summary judgment. To begin with, the district court determined that

4

there was "*ample* probable cause," not just barely enough for probable cause for Hoyos' prosecution. *Hoyos*, 999 F. Supp. 2d at 394 (emphasis added). It found the following items of evidence in support: Hoyos' cutting across several lanes of traffic, appearing to be groggy and to have bloodshot eyes behind the wheel in his vehicle, and refusing to take a breathalyzer exam after being warned of the possible consequences of his refusal. *Hoyos*, 999 F. Supp. 2d at 387, 390. We cannot find clear error either in the district court's classification of these items of evidence as not fabricated and as admissible, or in its evaluation of this evidence according to the standard of probable cause. Given this evidence, we cannot say, on clear error review, that a reasonable jury could find that prosecutors would not have proceeded against Hoyos as they did, absent the allegedly fabricated evidence.

We have reviewed Hoyos' remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the district court's order denying his motion for reconsideration of its grant of summary judgment to Defendants on his malicious prosecution and fabrication of evidence claims.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5